UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WEISBERG,

    Plaintiff,

    v.

STRIPE, INC.,

    Defendant.

Case No. 16-cv-00584-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 21

Before the Court is Defendant Stripe, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 21. Plaintiff David Weisberg opposes the motion. ECF No. 25. For the reasons set forth below, the Court will grant the motion to dismiss.

## I.    BACKGROUND

In deciding this motion, the Court accepts as true the following allegations from Plaintiff's First Amended Complaint. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Defendant Stripe, Inc. ("Stripe") is a corporation that has its primary address in San Francisco, California. ECF No. 16 ("Am. Compl.") ¶ 5. Stripe provides payment processing services for websites and mobile applications to consumers nationwide. Am. Compl. ¶ 5. Stripe's payment volume is approximately $20 billion per year. Id. ¶ 17.

Plaintiff David Weisberg never contacted nor conducted any business with Stripe in any fashion, nor visited Stripe's online websites, prior to October 29, 2015. Id. ¶ 13. On October 29, 2015 Plaintiff received a text message on his cellular phone reading: "Thanks for saving your payment info! This number will be used to verify your identity at Registration and other sites using Stripe Checkout." Id. ¶ 10. Plaintiff responded to Stripe's text message with the reply: "Who is this?" Id. ¶ 11. Stripe replied to Plaintiff's text message with the following message:

"Sorry, we cannot receive messages at this number. If you need help, please contact support@stripe.com." Id. ¶ 12. Stripe has a webpage entitled "Why did I receive a text message from Stripe saying 'thanks for saving your payment info'?" Id. ¶ 15. The webpage explains that users are sent a text message after saving payment information and a phone number is entered using the "Remember Me" feature during the Stripe Checkout process. Id. ¶ 15 n.1. Stripe also has a webpage entitled "Checkout." Id. ¶ 16 n.2. Stripe claims to send these text messages when processing payments. Id. ¶ 16.

On February 3, 2016, Plaintiff filed his complaint against Stripe, alleging violations of the Telephone Consumer Protection Act ("TCPA"). He seeks to represent the following class: all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Stripe without prior express consent. Plaintiff seeks to exclude Stripe and its employees or agents from the class. Id. ¶¶ 27-28.

Stripe moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 21, 26. Plaintiff opposes the motion to dismiss. ECF No. 25.

This Court has federal question jurisdiction over this action, which was brought under the TCPA, 47 U.S.C. § 227, pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 753 (2012).

## II.   MATERIAL INCORPORATED INTO PLAINTIFF'S COMPLAINT

Before addressing the merits of the motion, the Court must first address a separate dispute regarding the scope of its inquiry. Generally, the Court's review of a motion to dismiss is limited to the pleadings in a case. Here, Stripe has relied on information from two webpages discussed in Plaintiff's Amended Complaint, which Plaintiff argues are not properly before the Court on this motion. Stripe argues that the Court may consider these materials because they are incorporated into the complaint. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). The doctrine of incorporation applies "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." Id. However, the mere mention of the existence of a document is insufficient to incorporate its contents into the

2

complaint. Id.

### A. "Stripe Checkout" Webpage

The first webpage discussed by Defendant is a "Stripe Checkout" webpage that presents to merchants the form and checkout process that Stripe offers for customers' use. ECF No. 26 at 8-10; ECF No. 21 at 12-15. Plaintiff argues that the Amended Complaint does not allege that Plaintiff completed the Stripe Checkout process and that this process should not be considered by the Court. ECF No. 25. at 11-12.

Both Plaintiff's pleading papers and his opposition to this motion, however, make clear that he is necessarily relying on the content of the "Stripe Checkout" webpage in his argument. Plaintiff's Amended Complaint states that "Defendant claims to send these text messages when processing payments" and cites to the "Stripe Checkout" page as support for this claim. Am. Compl. ¶ 16. Plaintiff explains further in his opposition that this allegation plays a role in his theory as to why he has plausibly pleaded the existence of an automatic telephone dialing system ("ATDS"): "Plaintiff further pled that Defendant's website indicated that they sent the identical message to a large number of consumers thus indicating usage of an automated system." ECF No. 25 at 15. Plaintiff therefore seeks to prevent Stripe from using the webpage to argue that he fails to meet the plausibility standard, even though he relies on the very same webpage to argue that he does meet that standard. Plaintiff's position is unsustainable.

Plaintiff also characterizes Defendant's "Background on Stripe and the Stripe Checkout Service" section ECF No. 21 at 12-15, as containing "unchecked and unverified documents and assertions." ECF No. 25 at 11. However, he provides no evidence for these assertions and raises no reasonable suspicion that the content of the "Stripe Checkout" webpage is in any way "inauthentic," and he does not dispute its relevance. See Coto Settlement, 593 F.3d at 1038. To the contrary, Plaintiff's reliance on this webpage in alleging the use of an ATDS suggests his own belief in the legitimacy and relevance of the webpage's content. Am. Compl. ¶¶ 16, 18. Thus, the Court finds that the content of the "Stripe Checkout" webpage has been incorporated into Plaintiff's complaint and may be considered.

### B. "Why did I receive a text message from Stripe saying 'thanks for saving your payment info'?" Webpage

Defendant also argues that the "Why did I receive a text message from Stripe saying 'thanks for saving your payment info'?" webpage is incorporated into Plaintiff's Amended Complaint and is expressly relied upon by Plaintiff. ECF No. 21 at 26. This webpage explains that Stripe sends text messages in response to customers using the "Remember Me" feature when entering their payment information. Id.

Plaintiff relies upon the content of this website in alleging that "Defendant uses the exact same language for all those that receive unwanted text messages, exactly like Plaintiff," Id. ¶¶ 14, 15, and to establish the alleged inference that Defendant has used an automated system to send such text messages. Id. ¶ 18. Much like the "Stripe Checkout" webpage, Plaintiff explains that he relies on the content of this webpage to establish that Stripe sends a large number of identical text messages and therefore to argue that he has plausibly alleged the use of an ATDS. ECF No. 25 at 15. Neither party alleges that this webpage is inauthentic, nor does either party dispute the webpage's relevancy. See Coto Settlement, 593 F.3d at 1038. This Court therefore finds that the content of the "Why did I receive a text message from Stripe saying 'thanks for saving your payment info'?" webpage has been incorporated into Plaintiff's complaint and may be considered.

## III. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the legal standard is not a probability requirement, "where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). In determining whether the Plaintiff has met this plausibility standard, the Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the Plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B.     Discussion

Plaintiff alleges that "Defendant stores a database of numbers, used in conjunction with its $20 billion in annual transactions that it processes, and automatically, without human intervention, transmits form text messages to users whose numbers are warehoused in its system." ECF No. 25 at 13; FAC at ¶¶ 9-22. He further argues that whether an ATDS was used should be addressed through merits-based discovery and that an order granting a motion to dismiss would be improper at this stage. ECF No. 25 at 14-18. Defendant offers two reasons that Plaintiff's complaint should be dismissed. ECF No. 21 at 19. First, Defendant argues that because Plaintiff has not pleaded sufficient facts to raise the plausible inference that he received the text messages using an ATDS, Plaintiff has failed to bring an actionable claim under the TCPA. Id. at 18-23; ECF No. 26 at 10-14. Second, Defendant argues that Plaintiff has not plausibly pleaded that Stripe's text messages were sent to Plaintiff without Plaintiff's express prior consent. ECF No. 21 at 23-27; ECF No. 26 at 14-17. As detailed below, the Court will grant the motion to dismiss because Plaintiff fails to plead that the text messages came from an ATDS, and therefore does not address the issue of consent.

Under the TCPA, it is unlawful "to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A "call" includes both voice calls and text messages, Saterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2012), and "automatic telephone dialing system" is defined as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C § 227(a)(1). To state a viable claim for violation of the TCPA, it must be shown that: "(1) the defendant called a cellular telephone number; (2) using an automatic

5

telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C § 227(b)(1). In evaluating whether the equipment used by the defendant constitutes an ATDS, "the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* to 'store or produce telephone numbers to be called, using a random or sequential number generator.'" Saterfield, 569 F.3d at 951 (emphasis in original). Thus, the equipment used by Defendant need not actually store, produce or call randomly or sequentially generated telephone numbers; it need only have the capacity to do so. Id.

"Where . . . a 'plaintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS,' courts conclude that the allegations are insufficient to state a claim for relief under the TCPA." Duguid v. Facebook, Inc., No. 15-cv-00985-JST, 2016 WL 1169365, *5 (N.D. Cal. Mar. 24, 2016) (quoting Flores v. Adir Int'l, LLC, No. 15-cv-00076-AB, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015)). In Duguid, the plaintiff alleged that Facebook repeatedly sent him text messages regarding his Facebook account even though he had never provided Facebook his cellphone number or authorized Facebook to send him text messages. Id. at *1. The plaintiff alleged that it could be inferred that the text messages were received using an ATDS, but the court noted that plaintiff attached to his complaint a Facebook webpage "explain[ing] that users must add their mobile numbers to their accounts in order to receive login notifications by text message." Id. at *5. "These allegations suggest that Facebook's login notification text messages are targeted to specific phone numbers and are triggered by attempts to log in to Facebook accounts associated with those phone numbers" Id. Although the plaintiff argued that Facebook's login notification system could be "sloppy," this contention "does not suggest that Facebook sends text messages en masse to randomly or sequentially generated numbers." Id.

Here, Plaintiff has offered allegations substantially similar to those rejected in Duguid. Plaintiff alleges that Defendant sends text messages when processing payments, Am. Compl. ¶ 16, 18, and incorporates the "Stripe Checkout" webpage into his complaint, which explains the process through which a customer enters and elects to save his phone number on a participating

6

website. Id. 16 n.2. Plaintiff then incorporates the "Why did I receive a text message from Stripe saying 'thanks for saving your payment info'?" webpage, which explains that once a customer has elected to save his phone number on a participating website, Stripe will send that number a text message. Id. ¶ 14 n.1. Taken together, these allegations suggest that Stripe's text messages are targeted to specific phone numbers in response to the voluntary release of a user's phone number when completing the "Remember Me" option as described in Am. Compl. ¶ 16, n. 2. Concerning the second text message sent by Defendant, Plaintiff alleges that Stripe's message notification was sent in response to Plaintiff's own message to Defendant. Id. ¶ 11-12. This, too, suggests that Stripe's second text message to Plaintiff is a targeted response to those individuals who respond to other text messages from Stripe.

Plaintiff contends that these allegations support the inference that Stripe has used a predictive dialer, which he describes as system that is capable of dialing a list of numbers contained in a database, and that the FCC has concluded that a predictive dialer constitutes an ATDS. ECF No. 25 at 13-14. A similar argument was also made and rejected in Duguid:

> But Duguid has not alleged that Facebook uses a predictive dialer, or equipment that functions like a predictive dialer. The Complaint plainly alleges that the text messages were sent using an ATDS that "has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." Compl. ¶¶ 29-30. As discussed above, the Court concludes that this claim is not plausible, and it will therefore dismiss the TCPA claims for failure to adequately allege that the login notifications were sent using an ATDS.

Duguid, 2016 WL 1169365, at *6. Here, Plaintiff's contention must be rejected for the same reason. Plaintiff has not plausibly alleged that the text messages were sent randomly to him by an ATDS.

Plaintiff also relies upon In Re Jiffy Lube Intern., Inc., Text Spam Litigation, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) and Lee v. Stonebridge Life Ins. Co., 289 F.R.D. 292, 295 (N.D. Cal. 2013) to assert that the question of whether an ATDS was used should be addressed through discovery. ECF No. 25 at 14. Both of those cases are inapposite. In In Re Jiffy Lube, the court rejected the defendant's contention that a valid TCPA complaint must allege "(1) the text message was sent by a specific SMS short code; and (2) the content of the message was impersonal." 847 F. Supp. 2d at 1259. That is not the standard that Stripe advocates here. Lee addressed a motion

for class certification, and therefore the question in that case was not whether the plaintiff had plausibly pleaded a claim, but rather whether the claims were amenable to class-wide adjudication. 289 F.R.D. at 295.[1]

Plaintiff further relies on the case of Harnish v. Frankly Co., in which the court held that allegations claiming that text messages were sent "*en masse*," had "generic" and "impersonal" content, and were sent using a "short code" that enabled mass transmission, were sufficient to infer the use of an ATDS.  ECF No. 25 at 16; Harnish v. Frankly Co., No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *3 (N.D. Cal. Mar. 11, 2015).  Here, by contrast, the facts alleged by plaintiff do not support the same inference.  Rather, the allegations suggest that Stripe's text messages were sent to an individual user of its checkout service and in response to a direct communication from Plaintiff.  Am. Compl. ¶¶ 11-12, 14-18; see also McKenna v. WhisperText, No.  14-cv-00424-PSG, 2015 WL 5264750, at *4 (N.D. Cal Sept. 9, 2015) (distinguishing Harnish on the basis that "in Harnish the complaint did not allege any actions by the Frankly App's users, and alleged only the actions taken by Frankly Co.'s automated processes.").

Accordingly, Plaintiff has failed to plausibly plead that Stripe used an ATDS.  Because the Court dismisses the complaint on these grounds, it need not address Stripe's argument that Plaintiff gave express consent to receive the text messages at question.  Though Stripe argues that further amendment would be futile, the Court concludes that leave to amend is appropriate.  Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and while Plaintiff has previously amended his complaint once, this is the first Motion to Dismiss addressed by the Court in this case.

**CONCLUSION**

For the foregoing reasons, the Court hereby grant's Stripe's Motion to Dismiss Plaintiff's First

---

[1] Plaintiff also cites to the out-of-circuit case of Johansen v. Vivant, Inc., No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) for the proposition that "it is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned."  He neglects to include the following sentence, which reads: "It is not unreasonable, however, to require a plaintiff to describe the phone messages he received in laymen's terms or *provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS*."  Id. (emphasis added).

1  Amended Complaint without prejudice.  Plaintiff may file an amended complaint within thirty

2  (30) days of the date of this order.

3        IT IS SO ORDERED.

4  Dated:  July 25, 2016

```
                                             _____
                                                    JON S. TIGAR
                                              United States District Judge
```